UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIM ELLIS,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 07-01844 MHP
[CR 01-00344   MHP]

**ORDER RE NOTIFICATION**

    Petitioner has filed a notification that he is challenging his prior state convictions that were used to enhance his sentence. However, the fact that he intends to or is in fact challenging those state convictions could make no change in his federal sentence until those convictions are vacated. If petitioner is successful in vacating the predicate convictions upon which the enhancement was based, he must return to this court after the state order of vacatur.

    When he returns to this court he must show that he acted diligently in challenging the convictions and seeking the vacatur. If the state court vacates the conviction(s), petitioner must file his petition in this court within one year of the date of the state court's order of vacatur. Even if he files within that year, petitioner must still show that he acted diligently in seeking such an order from the state court. *See Johnson v. United States*, 544 U.S. 295, 302-311 (2005).

    The court notes that the Supreme Court's decision in *Johnson*, explaining the time line for vacating enhancement convictions, was handed down in 2005. The court further notes that judgment was entered in this case on March 29, 2006, after a plea of guilty based upon a plea agreement.

After post-sentencing proceedings, petitioner appealed on May 15, 2008; his appeal was denied and his petition for certiorari was denied by the Supreme Court on September 24, 2010. He filed this notice of intention to challenge his state court convictions on May 20, 2011. Under *Johnson* there may be a serious question about whether petitioner can show due diligence in seeking the state court order. This court leaves that issue for another day, since petitioner does not yet have an order of vacatur and it remains to be seen whether he will be successful in that effort.

Therefore, this court does not opine on the diligence issue and takes no action on petitioner's filing which is merely a notification. There is no basis for adjudicating relief at this stage.

IT IS SO ORDERED.

Date: June 22, 2011

MARILYN HALL PATEL
United States District Judge
Northern District of California