UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KIM ELLIS,<br><br>    Defendant.<br>_____/ | No. CR-01-0344 EMC-20<br><br>[No. C-07-1844 EMC]<br><br>**ORDER DENYING MOTION TO REOPEN § 2255 HABEAS CASE** |

Petitioner Kim Ellis, proceeding pro se, has filed a motion to reopen his § 2255 habeas case. Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** the request for relief.

**I.    DISCUSSION**

In his papers, Mr. Ellis argues that his case should be reopened in accordance with the Supreme Court's decision in *Custis v. United States*, 511 U.S. 485 (1994) and the Ninth Circuit's decision in *United States v. LaValle*, 175 F.3d 1106 (9th Cir. 1999). In *Custis*, the Supreme Court indicated in dicta that, where a criminal defendant's federal sentence is enhanced by a prior state sentence and the defendant successfully attacks that state sentence, he may then apply for a reopening of the federal sentence. *See Custis*, 511 U.S. at 497. In *LaValle*, the Ninth Circuit adopted the position set forth in the *Custis* dicta and expressly held that "a defendant who successfully attacks a state conviction may seek review of any federal sentence that was enhanced because of the prior state conviction." *LaValle*, 175 F.3d at 1108.

1  In the instant case, Mr. Ellis's federal sentence was enhanced because he had pled guilty in 1995 to a felony drug offense under California Health & Safety Code § 11351.5. The problem for Mr. Ellis is that, notwithstanding *LaValle* and *Custis*, he has not shown that he has successfully attacked the underlying state conviction used to enhance his federal sentence. As Judge Patel noted in her order of June 22, 2011, the state conviction must be vacated first before he may seek any relief with respect to his federal sentence. *See* Docket No. 1991 (Order at 1) (stating that "the fact that [Mr. Ellis] intends to or is in fact challenging those state convictions could make no change in his federal sentence until those convictions are vacated").[1] Accordingly, Mr. Ellis's motion to reopen is denied.[2]

To the extent Mr. Ellis has moved for reconsideration of Judge Patel's order of May 7, 2008, in which she denied habeas relief, the motion is also denied.[3] Under Civil Local Rule 7-9, a party must first seek leave to file a motion to reconsider before filing such a motion. *See* Civ. L.R. 7-9(a). Mr. Ellis did not ask for leave. More importantly, a party seeking leave to file a motion to reconsider must show, *e.g.*, "[t]he emergence of new material facts or a change of law occurring after the time of [the challenged] order," in order to be entitled to relief. Civ. L.R. 7-(b). Mr. Ellis implicitly contends that he has met this standard because of an opinion that was issued in August 2011 (a decision issued well after Judge Patel's order of May 7, 2008). *See United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). But *Simmons* does not constitute a material change in law

---

[1] A prior state conviction must be attacked through available state procedures and possibly through federal habeas under 28 U.S.C. § 2254, not in this § 2255 proceeding. *See Custis*, 511 U.S. at 497.

[2] Like Judge Patel, this Court declines to make any ruling on whether Mr. Ellis has diligently sought vacatur of the state conviction. *See* Docket No. 1991 (Order at 2) ("leav[ing] that issue for another day, since petitioner does not yet have an order of vacatur and it remains to be seen whether he will be successful in that effort").

[3] The government suggests that the Court should construe Mr. Ellis's motion as a second or successive motion for habeas relief which is not permitted absent authorization from the Ninth Circuit. *See* 28 U.S.C. § 2255(h) (providing that "[a] second or successive motion must be certified as provided in section 2244 [28 U.S.C. § 2244] by a panel of the appropriate court of appeals"); *see also* Rule 9 on Section 2255 Proceedings (stating that, "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8"). However, the motion is more fairly construed as a motion to reconsider given that it simply makes the same arguments as made in the earlier motion.

justifying relief.  First, *Simmons* is not a Supreme Court decision or a Ninth Circuit decision but rather a Fourth Circuit decision.  Therefore, it is not binding authority on this Court.  Second, *Simmons* does not address the issue of whether the imposition of a sentence *suspended* can qualify as a conviction that can trigger a sentencing enhancement under 21 U.S.C. § 841.  Instead, *Simmons* held that, where the criminal defendant could not have received a sentence exceeding one year's imprisonment under the prior state conviction, that prior state conviction did not meet the definition of a felony drug offense for purposes of federal sentencing enhancement.  No such situation is presented here.  Unlike the prior conviction at issue in *Simmons*, Mr. Ellis's 1995 drug offense conviction was punishable by imprisonment exceeding one year.  Likewise, *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), which Mr. Ellis cites in his traverse, does not address that specific issue.  *See id.* at 2583 ("determin[ing] whether the mere possibility, no matter how remote, that a 2-year sentence might have been imposed in a federal trial is a sufficient basis for concluding that a state misdemeanant who was not charged as a recidivist has been 'convicted' of an 'aggravated felony within the meaning of [8 U.S.C.] § 1229b(a)(3)").

       Finally, the Court notes that, to the extent Mr. Ellis is moving to reopen his case on a new basis not previously identified – *i.e.*, because California Health & Safety Code § 11351.1 does not have a mens rea element – *see* Traverse at 3-4 (citing *Shelton v. Secretary, Dep't of Corrections*, No. 6:07-cv-839-Orl-35-KRS, 2011 U.S. Dist. LEXIS 86898 (M.D. Fla. July 27, 2011, currently on appeal to the Eleventh Circuit), the Court denies the motion on several grounds.  First, Mr. Ellis did not raise this argument until his reply brief, even though he could have raised it in his opening motion.  Second, and more importantly, § 11351.1 is distinguishable from the Florida statute at issue in *Shelton*.  The California courts have construed § 11351.1 as having a mens rea element.  In *People v. Atlas*, 64 Cal. App. 4th 523 (1998), the court noted that "the elimination of a mens rea requirement in [this] enhancement statute [§ 11353.6(b)] . . . did not violate due process because the *mens rea element was contained in the underlying statute [i.e., § 11351.1] which was incorporated in the enhancement provision*."  *Id.* at 529-30 (emphasis added.)

///

///

3

## II. CONCLUSION

For the foregoing reasons, Mr. Ellis's motion for relief is denied.

This order disposes of Docket No. 2019 in Case No. CR-01-0344 EMC.

IT IS SO ORDERED.

Dated: January 24, 2011

_____
EDWARD M. CHEN
United States District Judge